IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL RICHARD BALENTI,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER RE: CAREER OFFENDER<br><br><br>Case No. 2:16-CR-167 TS<br><br>District Judge Ted Stewart |

Defendant Michael Richard Balenti is scheduled to be sentenced on June 5, 2017. Defendant objects to his classification as a career offender, among other things. For the reasons discussed below, the Court finds that Defendant is a career offender.

I.  BACKGROUND

Defendant was charged by Felony Information with possession of methamphetamine with intent to distribute and possession of heroin with intent to distribute. Defendant pleaded guilty to possession of methamphetamine with intent to distribute on October 24, 2016. Sentencing is set for June 5, 2017.

The Presentence Report indicates that Defendant has a base offense level of 30 with a criminal history category of IV. However, the Presentence Report concludes that Defendant qualifies as a career offender, which raises his base offense level to a 34 and increases his criminal history category to a VI. With an adjustment for acceptance of responsibility, Defendant faces a guideline range of 188 to 235 months. Defendant challenges his classification as a career offender.

1

## II. DISCUSSION

United States Sentencing Guideline ("USSG") § 4B1.1(a) states:

A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

In this case, Defendant was at least eighteen years old at the time he committed the instant offense and the instant offense is a felony controlled substance offense. Thus, the question becomes whether he has at least two prior felony convictions for either a crime of violence or a controlled substance offense. The government contends that Defendant has at least two prior felony convictions of a controlled substance offense.

Under the Guidelines, a controlled substance offense

means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.[1]

The term "two prior felony convictions"

means (1) the defendant committed the instant offense of conviction subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense (*i.e.*, two felony convictions of a crime of violence, two felony convictions of a controlled substance offense, or one felony conviction of a crime of violence and one felony conviction of a controlled substance offense), and (2) the sentences for at least two of the aforementioned felony convictions are counted separately under the provisions of §4A1.1(a), (b), or (c).[2]

Defendant has three convictions for possession of a controlled substance for sale in violation of California Health and Safety Code § 11378 and two convictions for violations of

---
[1] USSG § 4B1.2(b).

[2] *Id.* § 4B1.2(c).

2

California Health and Safety Code § 11379, which prohibits the sale or transportation of a controlled substance. The Court must determine whether these prior convictions support a finding that Defendant is a career offender.

To determine whether Defendant's prior convictions qualify as controlled substance offenses, the Court generally applies the "categorical approach," which looks only at the elements of the statute under which the defendant was convicted.[3] At times, however, the Court may apply the "modified categorical approach," which allows the Court to look at certain documents to determine Defendant's crime of conviction.[4] The modified categorical approach applies only when the statute is "divisible," meaning when it "lists multiple, alternative elements, and so effectively creates several different crimes."[5]

Defendant first argues that his convictions under §§ 11378 and 11379 are not categorically controlled substance offenses because they include substances that are not included in the federal controlled substance schedules. The Court agrees that these provisions are not categorically controlled substance offenses. Thus, the Court must determine whether it may use the modified categorical approach.

Defendant argues that the Court cannot use the modified categorical approach because the statutes are not divisible. Those courts that have considered the issue have disagreed and have held that these provisions are divisible and subject to the modified categorical approach.[6]

---

[3] *Mathis v. United States*, --- U.S. ---, 136 S. Ct. 2243, 2248 (2016).

[4] *Id.* at 2249.

[5] *Descamps v. United States*, --- U.S. ---, 133 S. Ct. 2776, 2285 (2013).

[6] *See United States v. Vega-Ortiz*, 822 F.3d 1031, 1035 (9th Cir. 2016) (§ 11378); *Ruiz-Vidal v. Lynch*, 803 F.3d 1049, 1054 (9th Cir. 2015) (§ 11379); *Padilla-Martinez v. Holder*, 770 F.3d 825, 831 n.3 (9th Cir. 2014) (§ 11378); *Coronado v. Holder*, 759 F.3d 977, 984–85 (9th Cir.

Defendant specifically argues that the statutes are not divisible because the jury is not required to unanimously agree on the type of controlled substance involved.

The Ninth Circuit directly addressed this issue in *United States v. Vega-Ortiz*. Relying on case law and secondary sources, the court there stated that "it is well-settled that California treats the identity of a controlled substance as an element that must be found by the jury."[7] Other cases from the Ninth Circuit are in agreement.[8] Defendant points out that certain judges within the Ninth Circuit have called this conclusion into question. However, no case has expressly overruled this conclusion and Defendant points to nothing to convince the Court that these prior decisions are incorrect.[9]

Defendant argues that the Court should ignore the case law from the Ninth Circuit and should instead rely on *United States v. Trent*, a case from the Tenth Circuit.[10] Had the Tenth Circuit in *Trent* specifically decided this issue it would, of course, constitute binding precedent. However, *Trent* did not conclusively hold that jury unanimity was not required under California law, only that California case law "suggests that the jury need not agree on which controlled

---

2014) (examining a similar statute, § 11377(a)); *Cheuk Fung S-Yong v. Holder*, 600 F.3d 1028, 1034 n.5 (9th Cir. 2009) (§ 11379).

[7] *Vega-Ortiz*, 822 F.3d at 1035.

[8] *Padilla-Martinez*, 770 F.3d at 831 n.3 (finding that type of controlled substance is an element of § 11378); *Coronado*, 759 F.3d at 985 n.4 (rejecting argument that the precise controlled substance is not an element of California Health & Safety Code § 11377); *United States v. Escobar*, 652 F. App'x 561, 562 (9th Cir. 2016) (rejecting argument that § 11378 is indivisible as to drug type).

[9] The Court recognizes that these decisions were issued before the Supreme Court's decision in *Mathis*. However, the Ninth Circuit has applied the modified categorical approach consistent with the Supreme Court's decision in *Mathis*. *See Rendon v. Holder*, 764 F.3d 1077, 1085–88 (9th Cir. 2014).

[10] 767 F.3d 1046 (10th Cir. 2014).

4

substance the defendant possessed."[11] That specific question was not before the Tenth Circuit and its statement was dicta. The Tenth Circuit was considering Oklahoma's conspiracy statute, not California's drug statutes. Further, the Tenth's Circuit's decision in *Trent* was abrogated by the Supreme Court in *Mathis v. United States*. Thus, there is no binding Tenth Circuit precedent on point. The Court finds the reasoning of the Ninth Circuit to be persuasive on this issue. Therefore, the Court concludes that these statutes are divisible as to drug type and the modified categorical approach may be used.

The modified categorical approach allows the Court to look to a limited class of documents to determine which alternative formed the basis of a defendant's conviction.[12] Permissible documents include "charging documents, plea agreements, transcripts of plea colloquies, findings of fact and conclusions of law from a bench trial, and jury instructions and verdict forms."[13]

Here, the government has provided charging documents and plea agreements, which show that on three occasions Defendant possessed methamphetamine for sale in violation of § 11378.[14] The possession for sale of methamphetamine, in violation of § 11378, constitutes a controlled substance offense under the career offender guideline.[15] Based upon this, the Court finds that Defendant has at least two prior convictions of a controlled substance offense.

---

[11] *Id.* at 1059.

[12] *Descamps*, 133 S. Ct. at 2281.

[13] *Johnson v. United States*, 559 U.S. 133, 144 (2010).

[14] Docket No. 52 Exs. A–C.

[15] *See United States v. Olsen*, 849 F.3d 230, 232 (5th Cir. 2017).

Defendant also has two convictions under California Health & Safety Code § 11379. Defendant argues that his convictions under § 11379 do not qualify as a controlled substance offense because the statute prohibits multiple forms of conduct and jury unanimity is not required as to the *actus reus*. Defendant also argues that, even if the modified categorical approach is applied, the evidence fails to show that these convictions constitute controlled substance offenses under the career offender guideline. The Court need not address these arguments because, even assuming they are correct, Defendant's three convictions under § 11378 are controlled substance offenses.

Defendant next argues that two of his convictions under § 11378 fail to qualify as "prior felony convictions." Defendant notes that in two of the cases where he was charged under § 11378, he was also charged under § 11379. When he pleaded guilty to both charges, California Penal Code § 654 was triggered. That provision states that "[a]n act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision."[16] This statute prohibits multiple sentences for the same act or omission, or for a course of conduct comprising indivisible acts.[17] When "a defendant suffers two convictions, punishment for one of which is precluded by section 654, that section requires the sentence for one conviction to be imposed, and the other imposed and then stayed."[18] In this case, since § 11379 carried the longest potential term of imprisonment, Defendant was sentenced under that count, while his sentences for his offenses

---

[16] Cal. Penal Code § 654.

[17] *People v. Jones*, 127 Cal. Rptr. 2d 319, 321 (Cal. Ct. App. 2002).

[18] *People v. Deloza*, 957 P.2d 945, 948 (Cal. 1998).

6

under § 11378 were stayed. Defendant argues that the application of § 654 precludes him from being punished for his two convictions under § 11378, making them not prior felony convictions under the Guidelines.

A "prior felony conviction" "means a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and *regardless of the actual sentence imposed*."[19] Here, Defendant's offenses under § 11378 were punishable for terms of imprisonment exceeding one year.[20] Thus, they would normally constitute prior felony convictions under the Guidelines. The application of § 654 does not alter this assessment. As set forth above, that statute prohibits multiple sentences for a course of conduct comprising multiple individual acts. It directs the sentencing court to apply the punishment set out in the statute that provides for the longest potential term of imprisonment. California case law further directs courts to impose a sentence for the other convictions, but stay them pursuant to § 654. In Defendant's cases, § 11379 provided the longest term of potential imprisonment. Thus, the sentences Defendant received were imposed under that provision and the sentences under § 11378 were stayed. However, Defendant's violations of § 11378 were nonetheless punishable as felonies, that punishment was merely stayed by application of § 654. The fact that Defendant's sentences were stayed does not alter the fact that his offenses were punishable by terms of imprisonment exceeding one year.[21]

---

[19] USSG § 4B1.2, Application Note 1 (emphasis added).

[20] Cal. Penal Code § 1170(h).

[21] *United States v. Sarber*, 2006 WL 1675687, at *1–2 (D. Kan. June 13, 2006) (rejecting similar argument).

As stated, the Guidelines do not look to the actual sentence imposed. Therefore, all of Defendant's § 11378 convictions are properly considered.

Defendant's reliance on cases addressing "wobblers" is misplaced. A "wobbler" is a crime under California law that can be treated as either a felony or a misdemeanor, depending on the circumstances.[22] Here there is no suggestion that Defendant's convictions under § 11378 could be considered misdemeanors. Unlike California Penal Code § 17(b), there is no provision under § 654 that would reduce an offense from a felony to a misdemeanor. Section 654 merely prevents duplicative sentences for the same course of conduct. It requires courts to impose punishment, but stay execution of that punishment. That is precisely what happened here. Defendant's sentences under § 11378 were stayed, but they remain felonies for purposes of the career offender guideline.

Finally, to qualify as a career offender, the sentences for at least two of the felony convictions must be counted separately under the provisions of §4A1.1(a), (b), or (c). Defendant was sentenced on August 20, 2008, in four separate cases, three of which are used to determine Defendant's career offender status. The Guidelines make clear that "[p]rior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest."[23] Here, each offense was separated by an intervening arrest. The offenses occurred on August 28, 2007, October 14, 2007, February 13, 2008, and June 16, 2008. Thus, they are properly counted separately. The fact that Defendant's sentences under § 11378 were stayed does not alter this conclusion. "A conviction for which the imposition or execution of

---

[22] *United States v. Hernandez-Castillo*, 449 F.3d 1127, 1130 (10th Cir. 2006).
[23] USSG § 4A1.2(a)(2).

sentence was totally suspended or stayed shall be counted as a prior sentence under § 4A1.1(c)."[24] Based upon this, the Court finds that Defendant committed the instant offense subsequent to sustaining at least two felony convictions of a controlled substance offense and that the sentences for at least two of those felony convictions are counted separately under the Guidelines. Therefore, the Court finds that Defendant is properly classified as a career offender. Based upon this finding, the Court need not rule on Defendant's separate objection to his criminal history. As a career offender, Defendant's criminal history is a VI.[25]

### III. CONCLUSION

Based on the above, the Court finds that Defendant is properly classified as a career offender. The Court will proceed to sentence Defendant based on a total offense level of 31, a criminal history category of VI, and a guideline range of 188 to 235 months.

DATED this 1st day of June, 2017.

BY THE COURT:

Ted Stewart
United States District Judge

---

[24] *Id.* § 4A1.2(a)(3).

[25] *See* USSG § 4B1.1(b).