IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL RICHARD BALENTI,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S REQUEST FOR RECONSIDERATION OF SENTENCE PURSUANT TO RULE 35<br><br>Case No. 2:16-CR-167 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant's Request for Reconsideration of Sentence Pursuant to Rule 35(a). For the reasons discussed below, the Court will deny the Request

I. BACKGROUND

Defendant was charged by Felony Information with possession of methamphetamine with intent to distribute and possession of heroin with intent to distribute. Defendant pleaded guilty to possession of methamphetamine with intent to distribute on October 24, 2016.

The Presentence Report prepared in this matter found that Defendant had a base offense level of 30 with a criminal history category of IV. However, the Presentence Report concluded that Defendant qualified as a career offender, which raised his base offense level to a 34 and increased his criminal history category to a VI.

Defendant raised a number of objections to the Presentence Report. Relevant here, Defendant argued that his criminal history was incorrectly calculated.[1] Defendant also

---

[1] Docket No. 45, at 4–5.

1

challenged his classification as a career offender.[2] Prior to sentencing, the Court issued a Memorandum Decision and Order finding that Defendant was properly classified as a career offender.[3] Based upon this finding, the Court did not need to rule on Defendant's specific objection to his criminal history because, as a career offender, Defendant's criminal history was automatically a VI.[4]

Defendant proceeded to sentencing on September 11, 2017. At the outset of that hearing, the Court reiterated its prior ruling and overruled Defendant's objections to the application of the career offender enhancement and to his criminal history. The Court imposed a sentence of 144 months in the custody of the Bureau of Prisons ("BOP"). Judgment was entered on September 14, 2017.

## II. DISCUSSION

Federal Rule of Criminal Procedure 35(a) provides the Court the ability to "correct a sentence that resulted from arithmetical, technical, or other clear error."

> The authority to correct a sentence under this subdivision is intended to be very narrow and to extend only to those cases in which an obvious error or mistake has occurred in the sentence, that is, errors which would almost certainly result in a remand of the case to the trial court for further action under Rule 35(a). The subdivision is not intended to afford the court the opportunity to reconsider the application or interpretation of the sentencing guidelines or for the court simply to change its mind about the appropriateness of the sentence. Nor should it be used to reopen issues previously resolved at the sentencing hearing through the exercise of the court's discretion with regard to the application of the sentencing guidelines.[5]

---

[2] Docket No. 47.

[3] Docket No. 55.

[4] *Id.* at 9 (citing United States Sentencing Guideline ("USSG") § 4B1.1(b).)

[5] Fed. R. Crim. P. 35 advisory committee's note to 1991 amendment.

Defendant's Request points to no error subject to Rule 35(a). Defendant requests the Court issue a ruling with respect to his objection to certain paragraphs of the Presentence Report related to his criminal history. However, as the Court previously explained, Defendant's objection to his criminal history points became moot upon finding that Defendant qualified for an enhancement under the career offender guideline.[6] A career offender's criminal history category automatically becomes a Category VI.[7] Moreover, the Court overruled Defendant's objection at the sentencing hearing.

Defendant nevertheless argues that the Court should rule on his objection because: (1) his criminal history points are considered by the BOP for security classification; and (2) in the event a future legal ruling provides grounds for him to challenge his career offender designation, an accurate assessment of his criminal history points will become important. While the Court does not quarrel with the stated reasons for his request, Defendant fails to suggest that his sentence needs to be corrected. In his Request, Defendant does not dispute his designation as a career offender. Once so designated, Defendant's guideline range was set. Defendant was ultimately given a sentence below the guideline range. Defendant does not appear to take issue with any of these decisions. Thus, Defendant has shown no error in his sentence to which Rule 35(a) would

---

[6] Docket No. 55.
[7] USSG § 4B1.1(b).

apply.[8]  As stated, Rule 35 is not meant to afford the Court an opportunity to reconsider the guidelines, nor is it a proper vehicle to reopen issues resolved at sentencing.[9]

Defendant also appears to argue that the Court should revisit its sentencing decision. Defendant states, "inasmuch as this Court's stated sentencing factors included its perception that (1) Balenti had been characterized as a victim and (2) Balenti's victims had not been recognized, Balenti respectfully requests that the Court consider prior submitted evidence on this issue which Balenti believed he was precluded from raising in his allocution."[10]  In support, Defendant attaches a partial transcript of the sentencing hearing and two letters.  As discussed, Rule 35 is not intended for the Court to change its mind about the appropriateness of the sentence.  To the extent Defendant is seeking reconsideration of his sentence, that request must be denied.

### III.  CONCLUSION

It is therefore

ORDERED that Request for Reconsideration of Sentence Pursuant to Rule 35(a) (Docket No. 61) is DENIED.

DATED this 26th day of September, 2017.

BY THE COURT:

Ted Stewart
United States District Judge

---

[8] To the extent Defendant could be seen as relying on Federal Rule of Criminal Procedure 32, it does not allow the court to consider post-judgment challenges to the presentence report. *United States v. Warner*, 23 F.3d 287, 289–90 (10th Cir. 1994).

[9] Even if Rule 35(a) provided relief, the Court is not convinced that Defendant has shown his criminal history was incorrectly calculated.

[10] Docket No. 61, at 3.