IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>v.<br><br>MICHAEL RICHARD BALENTI,<br><br>                  Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE<br><br><br>Case No. 2:16-CR-167 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant's Motion to Reduce Sentence. For the reasons discussed below, the Court will deny the Motion.

"A district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so."[1]  18 U.S.C. § 3582(c)(1)(A) allows the Court to modify a term of imprisonment under certain circumstances. Relevant here,

> the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction.

---

[1] *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996) (citations omitted).

The Sentencing Commission has been given the responsibility to describe "what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples."[2]  Relevant here, the Sentencing Commission has stated that a defendant "suffering from a serious physical or medical condition" "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover" may be considered for a sentence reduction.[3]  Additionally, the Sentencing Commission has stated that family circumstances such as "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" or "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner" may constitute an extraordinary and compelling reason for release.[4]

Here, Defendant states that he is obese and has a history of substance abuse.  Defendant contends that these conditions, in conjunction with the current COVID-19 pandemic, warrant a sentence reduction.  The Centers for Disease Control and Prevention ("CDC") has stated that people with obesity are at a higher risk for severe illness from COVID-19.  While Defendant is moderately obese, his medical records reflect that he is otherwise healthy.  Additionally, there are no current infections at the camp where Defendant is housed.  Thus, his risk of infection appears low.  The CDC has not recognized prior substance abuse as creating an increased risk of

---

[2] 28 U.S.C. § 944(t).

[3] U.S.S.G. § 1B1.13, Application Note 1(A).  While this commentary has not been amended since the passage of the First Step Act, the Tenth Circuit continues to refer to it in deciding motions under § 3582(c).  *United States v. Pinson*, 835 F. App'x 390, 394 n.5 (10th Cir. 2020) (citing *United States v. Saldana*, 807 F. App'x 816, 819 (10th Cir. 2020)).

[4] U.S.S.G. § 1B1.13, Application Note 1(C)(i).

severe illness from COVID-19.  Therefore, Defendant has failed to demonstrate that his medical conditions and prior substance abuse create an extraordinary and compelling reason for release.

Defendant also seeks release so that he may assist his sister and her children. Defendant's sister suffers from a number of medical conditions rendering her unable to care for herself and her children.  Though these circumstances are admittedly difficult, they are not unique to Defendant and fail to rise to the level of extraordinary and compelling reasons for release.

Even if Defendant could demonstrate extraordinary and compelling reasons, he has failed to show that he is no longer a danger to the community or that his release comports with the factors set out in 18 U.S.C. § 3553(a).  Defendant has a lengthy criminal history, rendering him a career offender, and the offense at issue here involved the possession of a significant amount of methamphetamine.  These facts demonstrate that release is not appropriate.

It is therefore

ORDERED that Defendant's Motion for Compassionate Release (Docket No. 67) is DENIED.

DATED this 1st day of March 2021.

BY THE COURT:

_____
Ted Stewart
United States District Judge

3